SUCRS. DE HUERTAS GONZÁLEZ, S. EN C., ETC., Plaintiffs and Appellees, *v.* FAUSTINO DÍAZ ET UX., Defendants and Appellants.

No. 10249.   Argued February 1, 1951.—Decided May 22, 1951.

L. *Santiago Carmona* for appellants. *José C. Jusino* for appellees.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In the complaint filed in the District Court of Bayamón by the firm Sucrs. de. Huertas González *S. en C.* in Liquidation, it is alleged that Faustino Díaz Cruz and his wife Ramona Bermúdez Robles, by deed No. 49 of October 7, 1922, executed before José C. Jusino, a notary, constituted a voluntary mortgage to secure the payment to the aforesaid firm of the sum of $520 as principal with interest at 1 per cent per month for an 8-year period, on a property described in the complaint and located in the New Ward of Naran-

jito; that the firm Sucrs. de Huertas González filed in the District Court of San Juan in May 1927, under civil No. 4170 of said court, a mortgage foreclosure proceeding against the debtors in order to collect the above-mentioned credit. It was also alleged that judgment was rendered in said proceeding ordering the sale of the mortgaged properties, which were adjudicated to the firm Sucrs. de Huertas González, the marshal of the court executing the deed of sale of said properties in favor of said firm. It was further alleged that the debtors refused to deliver the material possession of the foreclosed property and since the mortgagee detected an error in the aforesaid proceeding in that the demand for payment had been made on the debtors through a person other than the marshal, the mortgage foreclosure proceeding was and is null and void.

It is alleged that Faustino Díaz Cruz died subsequently and that his heirs are the defendants, and it was finally prayed that (a) the mortgage foreclosure proceeding instituted under civil No. 4170 in the year 1927 in the District Court of San Juan by the firm Sucrs. de Huertas González against Faustino Díaz and Ramona Bermúdez, be declared null and void and (b) the Heirs of Faustino Díaz be ordered to pay to the plaintiff the sum of $520 as principal with interest at 12 per cent per annum agreed to in the mortgage deed during eight yearly instalments beginning October 7, 1922, plus legal interest on that same sum from the date the first eight yearly instalments expired.

In their answer the defendants, besides denying the facts alleged in the complaint, set up as defenses that the complaint does not state facts constituting a cause of action; that the action is barred; that the court lacked jurisdiction; that the mortgage created by defendants' predecessor in favor of the plaintiffs had no legal existence because it was foreclosed and canceled in the registry of property; that the action should be considered as res judicata and that the plaintiffs were in estoppel.

Subsequently it was prayed and obtained from the lower court that the plaintiff, Sucrs. de Huertas González *S. en C.* in Liquidation, be substituted by Florentino Longo, who had obtained by adjudication the mortgage credit involved in the action.

The case was heard and the court *a quo* granted the complaint, declared void the mortgage foreclosure proceeding in civil case No. 4170 and ordered the defendants to pay to the plaintiff assignee, Florentino Longo, the sum of $520 plus interest at 12 per cent per annum from October 7, 1922 for eight years, and legal interest from the date on which the first eight yearly instalments expired and until the execution of the judgment, plus costs including the amount of $70 as attorney's fees. It was further ordered that the mortgaged properties be sold at public auction in order to pay the judgment.

The defendants appealed and here assign five errors. We shall only consider the first three inasmuch as the last two are untenable.

The appellants maintain in the first place that the court erred in not granting the defense of res judicata. It did not lie. The District Court of San Juan acted without jurisdiction over the defendants in the foreclosure proceeding instituted there, inasmuch as the demand for payment made by a private individual and not by the marshal of the court was void. *González* v. *Registrar*, 39 P.R.R. 753; *Pontón* v. *Succrs. of Huertas González*, 42 P.R.R. 511; *Perales* v. *District Court*, 43 P.R.R. 865; *Heirs of Molina* v. *Soc. Protectora de Niños*, 61 P.R.R. 801. Hence the judicial sale was likewise void. *Ayala* v. *Flores*, 50 P.R.R. 832; *Ojeda* v. *Registrar*, 39 P.R.R. 219.

Furthermore, § 175 of the Regulations of the Mortgage Law expressly recognizes the right of the parties to resort to a plenary action in connection with their claims for any reason against the actions taken in the summary proceeding. Dr. Muñoz Morales maintains, correctly in our

judgment, in his *Lecciones de Derecho Hipotecario*, volume II, p. 250, that this provision "implicitly recognizes the principle which the ancient procedural law expressly proclaimed (Art. 1477) *to the effect that judgments entered in foreclosure actions do not produce the exception of res judicata*, the right of the parties to institute the declaratory proceeding of the same question, remaining unimpaired." (Italics ours.) The first error assigned was not committed.

In the second assignment the appellants maintain that the court *a quo* erred in overruling the plea of prescription.[1]

This assignment involves two aspects: (a) whether the action for the nullity of the summary foreclosure proceeding is barred and (b) whether the mortgage action is barred.

As to the first point, since an action to establish the nullity of a summary foreclosure proceeding is involved, there is no term of prescription to request its nullity. *González* v. *Heirs of Díaz*, 69 P.R.R. 598 and cases cited on page 610.

As to the mortgage action, the same prescribes, pursuant to § 134 of the Mortgage Law, after 20 years "from the time such action could have been brought in accordance with the recorded deed." This Article is in accord with § 1864 of the Civil Code. The appellants argue that once the obligation became due on June 30, 1923, on which date pursuant to the recorded deed the first payment was to be made, the present action instituted on September 25, 1944 was barred. The appellee maintains, on the contrary, that the mortgage matured on June 30, 1930, since it had been constituted in 1922 for an 8-year term. The appellee is not right.

---

[1] The mortgage was constituted in 1922 and it was provided that the obligation would be paid in yearly instalments and that upon the expiration of an instalment the obligation would become due. Upon the failure to pay three instalments, the summary foreclosure proceeding was instituted in 1927.

In the third clause of the deed constituting the mortgage the following was agreed: "It is agreed that upon the expiration and nonpayment of an instalment, this obligation shall become due and shall be executed at the option of the creditor."

So that the 20 years must be counted from June 30, 1923 on which date the first instalment of the obligation became due and was not paid. The effect of the nullity of the summary foreclosure proceeding declared by the lower court in the instant case was to place the parties in the same position they were prior to the commencement of the summary foreclosure proceeding. *Muñoz* v. *Solá*, 48 P.R.R. 769; *Cosme* v. *Márquez*, 49 P.R.R. 765. Notwithstanding that, the fact that said summary foreclosure proceeding was begun in 1927 acted to interrupt the 20-year prescriptive term pursuant to § 1873 of the Civil Code, which provides as follows:

"Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

It does not matter that the demand on the debtors in the summary foreclosure proceeding were void. For the purpose of interrupting the prescriptive period of the action, the filing of the complaint was enough. Commenting § 1973 of the Civil Code of Spain, equivalent to § 1873 of ours, Manresa says:

"Furthermore, the mere filing of the complaint is sufficient to effect an interruption without the necessity of waiting until the service of summons, contrary to what happens in the prescription as to title in which, since the interruption is caused by the attack on the possession of the person in whose favor the prescription is running and by the loss of the peaceful character of said possession and of its being held in good faith and as owner, the service of summons on the defendant is indispensable so that the possessor may be notified of the attack on his possession and oppose or acquiesce in the proceedings. But in the prescription of actions such a requisite is unnecessary, because as the extinction of the cause of action is based on its

lack of exercise, it is sufficient to exercise it in order to have the cause and reason for its prescription cease. That is why there is no need either to wait for judgment to consolidate or not the effects of the suspension, which determines, as to the efficacy of the interrupting cause, the judicial summons in the acquisitive to consider that the interruption subsisted therefrom if the complaint should prosper, or that it had no effect at any time if it should be finally dismissed." 12 Manresa, Spanish Civil Code, 5th ed. (1951), pp. 954-55.

Since the summary foreclosure proceeding was filed in 1927, when the present action was filed in 1944, the 20 years established in § 1864 of the Civil Code and in § 134 of the Mortgage Law had not elapsed. The court did not err in deciding, although without giving any reason at all,[2] that the action was not barred.

■■ The other assignment refers to the fact that the court *a quo* permitted, over defendant's objection, that Surcs. de Huertas González *S. en C.* in Liquidation be substituted by Florentino Longo as plaintiff, the latter having been adjudicated, upon the liquidation of said partnership, the mortgage credit sought to be collected in this action. The appellants maintain that the court erred in authorizing this substitution pursuant to *Anaud* v. *District Court et al.*, 35 P.R.R. 803. That case contemplated a factual situation quite different from that of the instant case. There it was held that when persons acquire from the original defendant *pendente lite* an interest in the subject matter in litigation or in the property in controversy, the plaintiff must make a supplementary pleading including their names in the summons and notifying them just as in the original action, unless they appear of their own accord. Here the substitution of the original plaintiff by that to whom the credit was adjudicated, is involved. The fact that the credit referred to was the subject matter in litigation, does not imply that

---

[2] The lower court confined itself to dismissing all legal defenses stating that "they are groundless and have no justification in law" but it did not state its conclusions of law as it was bound to do.

it could not be assigned as the appellants maintain. They cite no authority for such averment.

As previously set forth, the remaining errors are without merit.

The judgment will be affirmed.